IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

VERONICA GRINDS,               )
                               )
        Plaintiff,             )
                               )
v.                             )       CIVIL ACT. NO: 2:23-cv-155-ECM
                               )                (WO)
DR. MICHAEL DAVIS,             )
                               )
        Defendant.             )

## MEMORANDUM OPINION and ORDER

On March 22, 2023, *pro se* plaintiff, Veronica Grinds ("Grinds"), filed this action against the defendant, Michael Davis.  According to Grinds, the Defendant allegedly caused her injuries, including the removal of a kidney.  *See* Doc. 1 at 4.  She asserts that this Court has diversity jurisdiction over this matter.  *Id*. at 1.  On March 28, 2023, the Court ordered the plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  (Doc. 3).  The Plaintiff has not filed a response to the Court's order.  Upon review of the complaint, and considering the plaintiff's failure to respond, the Court concludes that this case should be dismissed prior to service for lack of subject matter jurisdiction.

## DISCUSSION

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  It is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act.  Thus, federal courts

only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In addition, Rule 12(h)(3) of the Federal Rules of Civil Procedure requires that "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action." This Court operates under an independent obligation to examine its own jurisdiction, which continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

It does not appear from a review of the complaint that the Plaintiff presents a federal question to invoke this Court's federal question jurisdiction. *See* 28 U.S.C. § 1331. While this Court also has jurisdiction over actions involving citizens of different states, the plaintiff must be diverse from the defendant, *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(b). From the facts asserted in the complaint, it appears that plaintiff Grinds and defendant Davis are both citizens of Alabama. Thus, the court does not have diversity jurisdiction over this matter. *See* 28 U.S.C. § 1332.

In short, this Court lacks jurisdiction over the Plaintiff's claims, and this case is due to be dismissed for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

## CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED and ADJUDGED that this case is DISMISSED prior to service of process.

DONE this 12th day of April, 2023.

<u>            /s/ Emily C. Marks            </u>
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

3